# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JAMES GINDIN,**

      **Plaintiff,**

**v.**

**JEFF GLOVER & ASSOCIATES, INC.,
A MICHIGAN CORPORATION, JEFF
GLOVER, an Individual, JAD SWEIS, an
Individual, COLBY LOOMIS, an Individual
AND ANTHONY BERTRAND, an Individual**

      **Defendants.**

**Case No.: 2:18-cv-13235**
**Hon. Arthur J. Tarnow**

/

**BRADLEY J. FRIEDMAN (P70877)
LAW OFFICES OF BRADLEY J.
FRIEDMAN
Attorney for Plaintiff
30300 Northwestern Hwy, Suite 101
Farmington Hills, MI 48334
(248) 932-0100 / (248) 932-3512– fax
bfriedmanesq@gmail.com**

**STEVEN L WOODROW
PATRICK H. PELUSO
TAYLOR T. SMITH
WOODROW & PELUSO, LLC
Co-Counsel for Plaintiff
3900 East Mexico Avenue, Suite 300
Denver, CO 80210
(720) 213-0675 / (303) 927-0809**

**KENNETH A RICH (P38349)
MATTHEW J. SKLUT (P80241)
RICH & CAMPBELL, PC
Attorney for Defendants
30665 Northwestern Highway, Suite 201
Farmington Hills, MI 48334
(248) 406-8000 / (248) 406-8001 – fax
krich@richandcampbell.com**

/

## ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES AS TO JEFF GLOVER & ASSOCIATES, INC., JEFF GLOVER, JAD SWEIS, COLBY LOOMIS AND ANTHONY BERTRAND. RELIANCE UPON JURY DEMAND AND AFFIRMATIVE AND/OR SPECIAL DEFENSES

1

DEFENDANTS, JEFF GLOVER & ASSOCIATES, INC., JEFF GLOVER, JAD SWEIS, COLBY LOOMIS AND ANTHONY BERTRAND, by and through their undersigned counsel, RICH & CAMPBELL, PC, state the following as their Answer to Plaintiff'' Complaint.

## JURISDICTION & VENUE

1.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

**ANSWER:    Defendants acknowledge that Mr. Gindin himself has a right to bring a cause of action in Federal Court, but dispute whether the purported class Defendants have a right under 47 USC §227 to bring a class action, and Defendants note that the Federal Circuit Courts are split on this matter. Further, Plaintiff does not have minimal diversity as required 28 USC §1332 ("CAFA"). Thus, the allegations in this Paragraph 1 regarding jurisdiction are denied as being untrue.**

2.      This Court has personal jurisdiction over Defendant Glover & Associates because it solicits significant business in this District, is headquartered and resides in this District, has entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

**ANSWER:    The allegations in Paragraph 2 regarding "unlawful conduct" are denied because they are untrue. The allegations that Glover & Associates does business and is located in the Eastern District of Michigan are admitted.**

2

3.      This Court has personal jurisdiction over Defendants Glover, Sweis, Loomis, and Bertrand because they solicit significant business in this District, they each reside in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

**ANSWER:     The allegations in paragraph 3 regarding "unlawful conduct" are denied because they are untrue. The allegations that the individual Defendants (Glover, Sweis, Loomis and Bertrand) reside in the Eastern District of Michigan are admitted.**

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants are headquartered and reside in this District and solicit a significant amount of consumer business within this District and because a portion of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**ANSWER:     The allegations in paragraph 4 regarding "wrongful conduct" are denied because they are untrue. Whether venue is appropriate in this district is a legal conclusion to which no response is required, but Defendants acknowledge that they each reside in the Eastern District of Michigan.**

## PARTIES

5.      Plaintiff James Gindin is a natural person and resident of Brighton, Livingston County, Michigan.

**ANSWER:     The allegations in paragraph 5 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore, Defendants leave Plaintiff to his proofs.**

6.      Defendant Jeff Glover & Associates, Inc. is a Michigan corporation incorporated and existing under the laws of the State of Michigan whose primary place of business and corporate

headquarters is located at 459 South Main Street, Plymouth, Michigan 48170.

**ANSWER:**    **The allegations in paragraph 6 are admitted.**

7.    Defendant Jeff Glover is a natural person and resident of the State of Michigan.

**ANSWER:**    **The allegations in paragraph 7 are admitted.**

8.    Defendant Jad Sweis is a natural person and resident of the State of Michigan.

**ANSWER:**    **The allegations in paragraph 8 are admitted.**

9.    Defendant Colby Loomis is a natural person and resident of the State of Michigan.

**ANSWER:**    **The allegations in paragraph 9 are admitted.**

10.    Defendant Anthony Bertrand is a natural person and resident of the State of Michigan.

**ANSWER:**    **The allegations in paragraph 10 are admitted.**

## COMMON FACTUAL ALLEGATIONS

11.    Defendant JGAI is a real estate agency that contracts with individuals to assist them in buying and selling properties. The calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of JGAI.

**ANSWER:**    **The allegation that Defendant Jeff Glover & Associates, Inc. (JGAI) is a real estate agency that contracts with individuals and assists and advises them in buying and selling properties is admitted. The remaining allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

12.    Defendant Jeff Glover is a real estate sales agent employed by or associated with Defendant JGAI. Glover made and oversaw the making of the calls at issue in this case and was responsible for the calling policies and programs used by agents of JGAI.

4

**ANSWER:**   Defendants acknowledge that Jeff Glover is a real estate sales agent associated with Defendant JGAI. The remaining allegations in this Paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.

13.   Defendant Jad Sweis is a real estate sales agent employed by or associated with Defendant JGAI.

**ANSWER:**   It is admitted that Mr. Sweis was an independent contractor real estate sales agent associated with Defendant JGAI. He is no longer an independent contractor with Defendant JGAI.

14.   Defendant Colby Loomis is a real estate sales agent employed by or associated with Defendant JGAI.

**ANSWER:**   It is admitted that Ms. Loomis was an independent contractor real estate sales agent associated with Defendant JGAI. She is no longer an independent contractor with Defendant JGAI.

15.   Defendant Anthony Bertrand is a real estate sales agent employed by or associated with Defendant JGAI.

**ANSWER:**   The allegations in paragraph 15 are admitted to the extent that Mr. Bertrand is an independent contractor real estate sales agent associated with Defendant JGAI.

16.   Unfortunately for consumers, Defendants, in an attempt to secure new listings and home sales (and commissions) for JGAI, engage in aggressive telemarketing—often stepping outside the law in the process. That is, Defendants research consumers who may be interesting in listing their homes for sale or changing their current broker. [1] Once located, Defendants bombard

---

[1] *See Cold Calling Tips That Pay Big*, https://blog.kw.com/2015/03/18/cold-calling-tips-pay-big/ (Mar. 18, 2015); *see also How to Build a Big Business Around Telephone Prospecting*, https://blog.kw.com/2014/09/18/how-to-build-a-big-business-around-

the consumer with repeated unsolicited telephone calls—even if the consumers phone numbers have been placed on the National Do Not Call Registry. Further, despite consumers' repeated attempts to opt-out of future calls, Defendants continue to call them, even more than thirty (30) days after receiving the requests not to be called—a plain violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

**ANSWER:** **The allegations in paragraph 16 are denied because they are untrue.**

17. Notably, Telemarketers who wish to avoid calling numbers listed on the National Do Not Call Registry can easily and inexpensively do so by "scrubbing" their call lists against the National Do Not Call Registry database. The scrubbing process identifies those numbers on the National Do Not Call Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

**ANSWER:** **The allegations in paragraph 17 about generic telemarketers are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and Defendants therefore leave Plaintiff to his proofs.**

18. To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the National Do Not Call Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv).

**ANSWER:** **The allegations in paragraph 18 call for legal conclusion to which no response is required. In further response Defendants acknowledge that 16 C.F.R. §310.4(b)(3)(iv) speaks for itself.**

19. Rather than adhere to the requisite rules, Defendants place multiple calls to consumers who have never provided consent (either orally or in writing) to receive such calls.

---

telephone-prospecting/ (Sept. 18, 2014).

**ANSWER:** **The allegations in paragraph 19 are denied because they are untrue.**

20.     What's worse, despite repeated attempts to request for Defendants to stop calling, Defendants simply ignore such requests and continue to place calls more than thirty days after the request, which also violates the TCPA, 47 U.S.C. § 227, *et seq.* Defendants ignore the National Do Not Call Registry and make repeated calls to consumers who, like Plaintiff, have no "established business relationship" with Defendants and who are registered on the National Do Not Call Registry.

**ANSWER:** **The allegations in paragraph 20 are denied because they are untrue.**

21.     On information and belief, Defendants fail [to] maintain a written policy for maintaining an internal Do Not Call list that is available on demand and fail to train their personnel in telemarketing in the existence and use of any such policy or list.

**ANSWER:** **The allegations in paragraph 21 are denied because they are untrue.**

22.     By making unauthorized telemarketing calls as alleged herein, Defendants have caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls, cellular minutes for calls to cellphone owners, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendants made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, applications, and hardware components.

**ANSWER:** **The allegations in paragraph 22 are denied because they are untrue.**

23.     Defendants knowingly made, and continue to make, repeated telemarketing calls

without the prior express consent of the recipients whose numbers were listed on the Do Not Call list and more than thirty (30) days after the recipient asked for the calls to stop. As such, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Classes, they also intentionally and repeatedly violated the TCPA.

<u>ANSWER:</u>   **The allegations in paragraph 23 are denied because they are untrue.**

24.   Defendants are all associated with Defendant JGAI and the calls were made on JGAI's behalf and with its knowledge and approval. Defendants knew about the calls, received the benefits of the calls, directed that the calls be made, and ratified the calls.

<u>ANSWER:</u>   **To the extent that the allegations in paragraph 24 assert that phone calls were made in violation of the TCPA, the allegations are denied because they are untrue. The remaining allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

25.   The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes, together with costs and reasonable attorneys' fees.

<u>ANSWER:</u>   **The allegations in paragraph 18 call for legal conclusion to which no response is required. To the extent that any response is appropriate, Defendants deny the allegation of unlawful conduct.**

### FACTS SPECIFIC TO PLAINTIFF JAMES GINDIN

26.   Plaintiff Gindin is the owner and customary user of a telephone number ending in

8

4837.

**ANSWER:     The allegations in paragraph 26 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

27.     On January 11, 2007, Plaintiff Gindin registered his telephone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls.

**ANSWER:     The allegations in paragraph 27 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

28.     In or around early 2016, Gindin listed his home for sale.

**ANSWER: The allegations in paragraph 28 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

29.     Later, in or around July 2016, Gindin made the decision to retain his home and remove all sale listings.

**ANSWER:     The allegations in paragraph 29 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

30.     Shortly thereafter, Plaintiff began receiving non-stop telemarketing calls from the Defendants soliciting Plaintiff to utilize their home listing and other real estate brokerage services.

**ANSWER:     The allegations in paragraph 30 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

31.     All of the calls were made by associates of JGAI at the direction and oversight of Glover. The calls all came from JGAI phone numbers as indicated on Plaintiff's Caller ID and all of the callers are associates of JGAI. JGAI and Glover knew about, directed, ratified, and benefitted from the calls.

**ANSWER:     The allegations in paragraph 31 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

32.     Plaintiff received telemarketing calls from Defendants from a variety of telephone numbers, including: 734-259-1278, 734-259-1121, 248-633-6947, 248-930-0198, 248-633-6947, and others.

**ANSWER:     The allegations in paragraph 32 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

33.     Defendant JGAI is the owner of all telephone numbers utilized to place calls to Plaintiff.

**ANSWER:     Responding to the allegations in paragraph 33, Defendants acknowledge that the phone numbers 734-259-1278 and 734-259-1121 are numbers associated with Defendant JGAI. The allegation regarding the remaining numbers are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

34.     On information and belief, Defendant Sweis is the primary and customer (sic) user of the telephone number 734-259-1278. Sweis placed at least three known calls to Plaintiff in a twelve-month period and/or more than thirty (30) days after Plaintiff requested to no longer be

called on September 6, 2016.

**ANSWER:**   **Responding to the allegations in paragraph 34, Defendants acknowledge that phone number 734-259-1278 was associated with the desk where Defendant Sweis would normally work. The remaining allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

35.    On information and belief, Defendant Loomis is the primary and customer user of the telephone number 734-259-1121. Loomis placed at least two known calls to Plaintiff in a twelve-month period and/or more than thirty (30) days after Plaintiff requested to no longer be called on September 6, 2016.

**ANSWER:**   **Responding to the allegations in paragraph 35, Defendants acknowledge that phone number 734-259-1121 was associated with the desk where Defendant Loomis would normally work. The remaining allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

36.    On information and belief, Defendant Bertrand is the primary and customer user of the telephone number 248-633-6947. Bertrand placed at least three known calls to Plaintiff in a twelve-month period and/or more than thirty (30) days after Plaintiff requested to no longer be called on September 6, 2016.

**ANSWER:**   **Answering the allegations in paragraph 36, Defendants admit that the number is Defendant Bertrand's cell phone number.   Defendants neither admit nor deny the remaining allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

11

37.     After receiving repeated telemarketing calls from Defendants, on or around September 6, 2016, Plaintiff posted a complaint on Defendant JGAI's website requesting that Defendants stop all telemarketing calls to his telephone.

**ANSWER:   The allegations in paragraph 37 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs. In further response, Defendants assert that if the complaint which Plaintiff asserts he posted is located by Defendants or if Plaintiff can provide a copy of same then a supplemental response to this paragraph will be provided.**

38.     Later that same day, September 6, 2016, Defendant Glover responded and acknowledged Plaintiff's request to no longer be called and further informed Plaintiff that he would remove his name and number from Defendants' calling list.

**ANSWER:  The allegations in paragraph 38 are neither admitted nor denied for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs. In further response, Defendants assert that if the complaint which Plaintiff asserts he posted is located by Defendants or if Plaintiff can provide a copy of same then a supplemental response to this paragraph will be provided.**

39.     Nevertheless, and despite repeated requests for the calls to stop and an acknowledgement from Defendant JGAI and Glover that the calls would stop, Plaintiff continued to receive multiple telemarketing calls from Defendants, including calls more than thirty (30) days after Plaintiff's September 6, 2016 request not to be called.

**ANSWER:   Answering the allegations in paragraph 39, Defendants neither admit nor deny the allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

12

40.     Plaintiff received over twenty-five calls from or on behalf of JGAI that were placed, in part, by the individual Defendants more than 30 days after Plaintiff's September 6, 2016 request to be placed on Defendants' internal do not call list.

**ANSWER:     Answering the allegations in paragraph 40, Defendants neither admit nor deny the allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

41.     On or around August 2017, after having listed his home for sale again, Plaintiff removed the listing for a second time.

**ANSWER:     Answering the allegations in paragraph 41, Defendants neither admit nor deny the allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

42.     Shortly thereafter, Plaintiff was, again, flooded with calls from the Defendants attempting solicit Plaintiff to utilize their home listing and other real estate brokerage services.

**ANSWER:     Answering the allegations in paragraph 42, Defendants neither admit nor deny the allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

43.     Then, on or around May 2018, having listed his home for sale a third time, Plaintiff made the decision to change real estate agents and briefly removed his listing.

**ANSWER:     Answering the allegations in paragraph 43, Defendants neither admit nor deny the allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.**

44.     Unsurprisingly, Defendants continued to bombard Plaintiff with calls attempting to again utilize their home listing and other real estate brokerage services.

**ANSWER:**   Answering the allegations in paragraph 44, Defendants neither admit nor deny the allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.

45.   Plaintiff does not have a relationship with Defendants, has never provided his telephone number directly to Defendants, and has never requested that Defendants place calls to him or to offer him their services. Simply put, Plaintiff has never provided any form of prior express consent to Defendants to place telemarketing calls to him and has no business relationship with Defendants.

**ANSWER:**   Answering the allegations in paragraph 45, Defendants neither admits nor denies the allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.

46.   Defendants were, and are, aware that the above-described telemarketing calls were made to consumers like Plaintiff who have not consented to receive them.

**ANSWER:**   Answering the allegations in paragraph 46, any allegation of wrongdoing is expressly denied. Defendants neither admit nor deny the remaining allegations contained therein for lack of information sufficient to form a belief as to the truth or falsity of same and therefore Defendants leave Plaintiff to his proofs.

47.   Moreover, Defendants deliberately and intentionally refuse to honor requests by consumers to place their numbers on Defendants' do not call list, to the extent it maintains any such list or has a policy regarding the maintenance of any such list.

**ANSWER:**   The allegations in paragraph 47 are denied because they are untrue.

48.   By making unsolicited calls as alleged herein, Defendants have caused Plaintiff and members of the Classes actual harm. This includes the aggravation, nuisance, and invasions of

privacy that result from the placement of such calls, in addition to the wear and tear on their telephones, interference with the use of their phones, consumption of battery life, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendants made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

**ANSWER:**     **The allegations in paragraph 48 are denied because they are untrue.**

49.     To redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to cellular telephones. On behalf of the Classes, Plaintiff seek an injunction requiring Defendants to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**ANSWER:**     **The allegations in paragraph 49 call for legal conclusions to which no response is required to the extent that any response is appropriate, and the allegation of any wrong doing is denied because it is untrue.**

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes defined as follows:

> **DNC Registry Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendants caused to be called; (3) on the person's telephone; (4) more than one time during any 12-month period; (5) where the person's telephone number had been listed on the National Do No Call Registry for at least thirty days at the time of the calls; (6) for the same purpose as Defendants called Plaintiff; and (7) for whom Defendants claim they obtained consent in the same manner as Defendants claim they obtained consent to call the Plaintiff.

**DNC Stop Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendants caused to be called; (3) on the person's telephone; (4) where the person's telephone number had been listed on the National Do No Call Registry for at least thirty days; (5) for the same purpose as Defendants called Plaintiff; (6) who requested that Defendants not call them again; and (7) who received at least one additional call from Defendants at least thirty days after requesting not to be called again.

**ANSWER:**   The allegations in paragraph 50 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants assert that Plaintiffs request for class certification is not warranted under either the CAFA or Federal Rules of Civil Procedure 23.

51.   The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following a period of appropriate discovery.

**ANSWER:**   The allegations in paragraph 51 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants assert that Plaintiffs request for class certification is not warranted under either the CAFA or Federal Rules of Civil Procedure 23.

52.   **Numerosity:** The exact number of members within the Classes is unknown and not

16

available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendants have placed telemarketing calls to thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can only be identified through Defendants' records, including the Defendants' phone records.

**ANSWER:  The allegations in paragraph 52 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants assert that Plaintiffs request for class certification is not warranted under either the CAFA or Federal Rules of Civil Procedure 23.**

53.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes in that Plaintiff and the members of the Classes sustained damages arising out of Defendants' uniform wrongful conduct.

**ANSWER:    The allegations in paragraph 53 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants assert that Plaintiffs request for class certification is not warranted under either the CAFA or Federal Rules of Civil Procedure 23. Further, any allegation of wrongful conduct is denied because it is untrue.**

54.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions, including cases under the TCPA. Plaintiff has no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

**ANSWER:    The allegations in paragraph 54 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants assert that**

**Plaintiffs request for class certification is not warranted under either the CAFA or Federal Rules of Civil Procedure 23.**

55. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Classes, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)   Whether Defendants' conduct violated the TCPA;

    (b)   Whether Defendants made multiple telemarketing calls to consumers whose telephone numbers were registered on the National Do Not Call Registry within the same 12-month period;

    (c)   Whether Defendants systematically made telephone calls to consumers more than thirty (30) days after they explicitly asked not to be called by Defendants;

    (d)   Whether Defendants maintained a written policy regarding the maintenance of any internal Do Not Call List and whether Defendants maintained any such list;

    (e)   Whether Defendants trained personnel involved in telemarketing in the existence and use of their Do Not Call policy and list; and

    (f)   Whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER:** **The allegations in paragraph 55 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants assert that Plaintiffs request for class certification is not warranted under either the CAFA or Federal Rules of Civil Procedure 23. Further, any allegation of unlawful conduct is denied because it is untrue.**

56. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendants have acted or refused to act on grounds substantially similar towards all members of the Classes so as to render certification of the Classes for final injunctive relief and

18

corresponding declaratory relief appropriate under Rule 23(b)(2).

**ANSWER:    The allegations in paragraph 56 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants assert that Plaintiffs request for class certification is not warranted under either the CAFA or Federal Rules of Civil Procedure 23. Further, any allegation of unlawful conduct is denied because it is untrue.**

57.      **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendants for the same conduct.

**ANSWER:  The allegations in paragraph 57 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants assert that**

Plaintiffs request for class certification is not warranted under either the CAFA or Federal Rules of Civil Procedure 23.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227, *et seq.*
**(On behalf of Plaintiff and the DNC Registry Class)**

58.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:    Answering the allegations in paragraph 58, Defendants re-asserts and re-alleges each of their answers to paragraphs 1-57 above.**

59.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

**ANSWER:    The allegations in paragraph 59 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants note that 47 U.S.C. § 227(c) speaks for itself.**

60.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**ANSWER:    The allegations in paragraph 60 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants note that 47 C.F.R. 64.1200(c) speaks for itself.**

61.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any

call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request

not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

**ANSWER:**   **The allegations in paragraph 61 call for legal conclusions to which no response is required. To the extent that any further response is appropriate, Defendants note that 47 C.F.R. 64.1200(d) speaks for itself.**

62.   Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the DNC Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry. These consumers requested to not receive calls from Defendants as set forth in 47 C.F.R. § 64.1200(d)(3).

**ANSWER:**   **The allegations in paragraph 62 are denied because they are untrue.**

63.   Defendants each made more than one unsolicited telephone call to Plaintiff within a 12-month period without Plaintiff's prior express written consent to receive such calls. Defendant also made more than one unsolicited telephone call to each member of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the DNC Registry Class never provided any form of consent to receive telephone calls from Defendants, oral or written, and/or Defendants do not have a current record of consent to place telemarketing calls to them.

**ANSWER:**   **The allegations in paragraph 63 are denied because they are untrue.**

64.   Defendants violated 47 U.S.C. § 227(c)(5) by placing more than one call to Plaintiff and the Class in a 12-month period despite the fact Plaintiff and the Class members' telephone numbers were registered on the national Do Not Call list for more than 30 days.

**ANSWER:**   **The allegations in paragraph 64 are denied because they are untrue.**

65.   Defendants also violated 47 C.F.R. § 64.1200(d) by initiating calls for

telemarketing purposes to residential telephone subscribers, such as Plaintiff and the DNC Registry Class, without instituting procedures that comply with minimal regulatory standards, including having a written policy for maintaining a list of persons who request not to receive telemarketing calls from them, and by not informing and training their personnel engaged in telemarketing in the existence and use of any such do-not-call policy or list.

**ANSWER:**   **The allegations in paragraph 65 are denied because they are untrue.**

66.   As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the DNC Registry Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

**ANSWER:**   **The allegations in paragraph 66 are denied because they are untrue.**

67.   Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the DNC Registry Class.

**ANSWER:**   **To the extent that this paragraph alleges any wrongdoing by any Defendant, the allegations in paragraph 67 are denied because they are untrue.**

### SECOND CAUSE OF ACTION
**Violation of 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiff and the DNC Stop Class)**

68.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**   **Answering the allegations in paragraph 68, Defendants re-asserts and re-alleges each of its answers to paragraphs 1-67 above.**

69.   Plaintiff and other members of the DNC Stop Class expressly requested that Defendants no longer placed calls to them, after which Defendants failed to place Plaintiff and other members of the DNC Stop Class on its internal do not call list (or failed to do so within a

reasonable time period).

**ANSWER:** **The allegations in paragraph 69 are denied because they are untrue.**

70. More than thirty days following Plaintiff and the other members of the DNC Stop Class express stop requests to cease their receipt of future calls from Defendants, Defendants placed additional calls to Plaintiff and the class members without their consent and contrary to their prior requests not to be called.

**ANSWER:** **The allegations in paragraph 70 are denied because they are untrue.**

71. Thus, Defendants violated 47 C.F.R. § 64.1200 by initiating calls for telemarketing purposes to telephone subscribers such as Plaintiff and the DNC Stop Class who were registered on the national do not call registry and who specifically told Defendants to stop calling them, and who received more calls within a 12-month period from Defendants after informing Defendants to stop calling them.

**ANSWER:** **The allegations in paragraph 71 are denied because they are untrue.**

72. Defendants made these calls without instituting procedures that comply with minimal regulatory standards, including having a written policy for maintaining a list of persons who request not to receive telemarketing calls from them, and by not informing and training their personnel engaged in telemarketing in the existence and use of any such do-not-call policy or list.

**ANSWER:** **The allegations in paragraph 72 are denied because they are untrue.**

73. As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the DNC Stop Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

**ANSWER:** **The allegations in paragraph 73 are denied because they are untrue.**

74. In the event the Court determines that Defendants' conduct was willful and

knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the DNC Stop Class.

**ANSWER:**   **The allegations in paragraph 74 are denied because they are untrue.**

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that Plaintiff's claim to have a class approved be denied, that the request to have the Plaintiff appointed as the class representative and his counsel appointed as class counsel be denied, and that the remaining relief requested, whether for injunctive relief, penalties or monetary damages or attorney fees be denied and that Defendants be awarded reasonable attorney fees.

## RELIANCE ON JURY DEMAND

Defendants hereby rely on the Jury Demand previously filed by Plaintiff in this matter.

## AFFIRMATIVE AND/OR SPECIAL DEFENSES

Defendants assert the following affirmative defenses to this matter:

1.      Plaintiff's complaint fails to state a claim upon which relief can be granted against any of the Defendants.

2.      Plaintiff's complaint fails to meet the jurisdictional requirements of the class action fairness act and this matter more properly belongs in State Court and not Federal Court. Defendants acknowledges that Mr. Gindin has a right to bring a cause of action in Federal Court on behalf of himself, but dispute whether the purported class Defendants have a right under 47 USC §227 to bring a class action. Further, Plaintiff does not have diversity under 28 USC §1332 ("CAFA").

3.      The Telephone Consumer Protection Act does not create a cause of action for class actions unless such matters are allowed by State Law. Michigan law does not allow the type of class action brought by the putative class Plaintiff and therefore this Court lacks jurisdiction over this matter.

4.      Defendants alleged actions were not the proximate cause of any alleged harm or damages to plaintiff and/or members of the putative class.

5.      Upon information and belief, Defendants are not liable under the TCPA or in any other legal theory because, among other reasons, Plaintiff and/or the members of the putative class consented to the transmission of the alleged calls at issue.

6.      The TCPA violates the first amendment to the United States Constitution because the TCPA is more restrictive than needed to achieve its asserted purposes. It has no reasonable relation to any substantial government interest sought to be advanced, particularly in light of technological developments which permit recipients of unsolicited telephone calls to determine whether to accept such calls or to block such callers. The TCPA violates both the first Amendment right of the public to receive, and the first Amendment Right of persons to make legitimate commercial communications via telephone.

7.      Any alleged loss or damage that Plaintiff, or any other alleged member of the putative class, claims to have sustained is speculative and uncertain and therefore is not compensable.

8.      None of the Defendant are liable under the TCPA or under any other legal theory because the claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

9.     The conduct complained of in the complaint, with respect to Plaintiff and all the other alleged members of the putative class was at all times reasonable, justified, and in complete good faith.

10.     Even if any violations of the TCPA are found, Defendants are not liable as any such violations were not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures and policies reasonably adopted to avoid such errors.

11.     Defendant JGAI had established and implemented, with due care, reasonable practices, procedures, and training to prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

12.     Plaintiff's claims, and those of the putative class, are barred in whole or in part by Plaintiff's and the putative class' conduct, actions and inactions, which amount to and constitute estoppel of the claims and the relief sought.

13.     Plaintiff's claims, and those of the putative class, are barred in whole or in part by the doctrine of waiver.

14.     Plaintiff's claims, and those of the putative class, are barred in whole or in part for lack of standing.

15.     To the extent that the TCPA is applied against any of the Defendants in this case to impose upon the Defendants liability in circumstances that Defendants could not have reasonably avoided and/or damages that would be grossly disproportionate to any actual harm caused by the alleged activity, the TCPA violates the due process of the Fifth Amendment to the United States Constitution.

16.     To the extent that the TCPA is applied against any of the Defendants in this action to impose liability that would grossly disproportionate to any actual harm alleged by the activity,

the TCPA violates the Eight Amendment to the United States Constitution, which prohibits excessive fines.

17.     Plaintiff's claims, and those of the putative class, are barred in whole or in part, based upon an established business relationship.

18.     Plaintiff's claims, and those of the putative class, are barred in whole or in part by the "Safe Harbor" provisions set forth in 47 CFR 64.1200(c).

19.     Plaintiff's claims are barred by the doctrine of *in pari delicto.*

20.     Defendants reserve the right to assert additional affirmative defenses as discovery and investigation continues.

Respectfully submitted,

RICH & CAMPBELL, P.C.

By:  _____
        KENNETH A RICH (P38349)
        MATTHEW J. SKLUT (P80241)
        Attorney for Defendants
        30665 Northwestern Highway, Suite 201
        Farmington Hills, MI 48334
Dated: December 31, 2018        (248) 406-8000

---

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**
**Case No. 2:18-cv-13235**

The undersigned certifies that a copy of **ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES AS TO JEFF GLOVER & ASSOCIATES, INC., JEFF GLOVER, JAD SWEIS, COLBY LOOMIS AND ANTHONY BERTRAND. RELIANCE UPON JURY DEMAND AND AFFIRMATIVE AND/OR SPECIAL DEFENSES** was served upon all parties of record as to the above cause, to their respective addresses as disclosed on the pleadings of record herein, by:

❑   Facsimile
❑   Certified Mail (postage prepaid)
❑   Hand Delivery
✓   **E-File/E-Service**

On this the 31st day of December, 2018.

_____
Jennifer M. Roberge